NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WLADIMER JOHN KLIMENKO,

Appellant,

v.

ROSENDO GONZALEZ, Chapter 7
Trustee,

Appellee.

No. 19-56359

D.C. No. 2:18-cv-09873-SJO

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted December 2, 2020**

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

Chapter 7 debtor Wladimer John Klimenko appeals pro se from the district

court's judgment affirming the bankruptcy court's order denying Klimenko's

motion to set aside the default judgment in an adversary proceeding against him.

We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

bankruptcy court's conclusions of law and for clear error its findings of fact. *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010). We affirm.

The bankruptcy court did not abuse its discretion by denying Klimenko's motion to set aside the default judgment under Federal Rule of Civil Procedure 60(b)(1) because Klimenko failed to demonstrate any basis for such relief. *See* Fed. R. Bankr. P. 9024 (making Fed. R. Civ. P. 60(b) applicable to bankruptcy cases); *United States v. Aguilar*, 782 F.3d 1101, 1105-07 (9th Cir. 2015) (setting forth standard of review and discussing factors to consider when a party seeks relief from a default judgment under Fed. R. Civ. P. 60(b)(1)); *see also* 11 U.S.C. § 727(a) (2005) (setting forth the rule for denial of discharge).

**AFFIRMED.**